George C. **COVERSTON**, Plaintiff,

v.

Edward J. **BRENNER**, Commissioner of Patents, Defendant.

Civ. A. No. 1405–64.

United States District Court
District of Columbia.

July 13, 1965.

George H. Mitchell, Jr., Washington, D. C., Robert McDonald, Bible, McDonald & Carano, Reno, Nev., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial on March 29, 1965. Upon due consideration of the evidence presented, together with the briefs counsel were accorded an opportunity to file, the Court has found in favor of the plaintiff, and will authorize the Commissioner of Patents to grant plaintiff a patent containing claims 23 through 33, inclusive, of his application Serial No. 203,890.

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

### FINDINGS OF FACT

1. This is a civil action brought under 35 U.S.C. § 145 in which the plaintiff sought to have the Court authorize the issuance of a patent containing claims 23 through 33 of his application, Serial No. 203,890, filed June 20, 1962 for an "Explosion Inertia Turbine Engine". Claims 23 through 33 were rejected by the Patent Office Examiner as being based on an inoperative disclosure. The Examiner was supported by a divided opinion of the Patent Office Board of Appeals,

one of the Examiners in Chief holding in favor of the plaintiff.

2. The invention relates to internal combustion engines wherein the explosive gas impinges in a generally tangential direction against a series of vanes, or blades, which are mounted on a disc-shaped rotor. A close fitting cover encloses this rotor, and one or more combustion chambers are positioned around the outer periphery of this cover to direct explosive gas tangentially against the blades. The gas leaves at peripherally spaced exhaust openings after moving the rotor.

3. United States Patent, No. 800,684, granted to Schneider in 1905, was cited by the Examiner for the purpose of establishing the general classification of engine to which the invention belongs.

4. The Examiner also cited a communication from a reader, published in the "American Inventor" of April 1906, which alleged that the device shown in the Schneider patent was inoperative.

5. The Examiner adopted the reasoning of the "American Inventor" letter and ruled that the plaintiff's invention was inoperative.

6. The "American Inventor" reference also disclosed an inoperative device which differed structurally from the device of the Schneider patent and the plaintiff's invention in that it did not provide for the intake of motive fluid, nor for the exhaust of expended fluid.

7. The device disclosed by the Schneider patent differs in its mechanical construction from that of the plaintiff's device.

8. A working model, constructed in accordance with the disclosure of the plaintiff's application, but with only one combustion chamber (instead of the four chambers as disclosed in the application) was demonstrated before the Court. It rotated at very high speeds in a fashion sufficient to perform useful work.

9. The plaintiff's application, Serial Number 203,890 discloses a fully operative device that is capable of performing useful work.

## CONCLUSIONS OF LAW

1. Because the plaintiff's patent application discloses an operative device and, because it would not be obvious to one skilled in the art, with the knowledge of the Schneider patent, No. 800,684, before him, to construct the invention disclosed in the plaintiff's patent application and, because the "American Inventor" reference discloses an inoperative device which would not suggest the development of the plaintiff's invention, the plaintiff is entitled to a patent under the provisions of 35 U.S.C. §§ 101, 102 and 103.

2. The Commissioner of Patents is authorized to grant a patent to the plaintiff on the invention disclosed in patent application, Serial Number 203,890, including claims 23 through 33 inclusive.